UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADREW FURIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN MARIE MCGREW, an individual; LAURIE HIRSCH, an individual; PHYRHYDRO, LLC, a Nevada corporation; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-00942-JAM-KJN<br><br>**ORDER GRANTING WELLS FARGO BANK AND BANK OF AMERICA'S MOTION TO INTERVENE** |

Proposed intervenors, Bank of America, N.A. ("BofA") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "the Banks"), possess disputed funds at the heart of this litigation. Accordingly, the Banks seek to jointly intervene to file counterclaims and crossclaims in interpleader for the purpose of determining the rightful ownership of the disputed funds. Motion to Intervene ("Mot."), ECF. No. 20. Defendant Laurie Hirsch ("Hirsch"), sister of Susan Marie McGrew (the party accused by Plaintiff of originally misappropriating the funds), opposes this Motion. Opp'n, ECF No. 24. For the reasons discussed below, the

1

Court GRANTS the Banks' motion to intervene.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On April 10, 2019, Plaintiff Andrew Furia ("Plaintiff") filed a complaint in the Superior Court of California, County of El Dorado, against his ex-girlfriend, Susan Marie McGrew ("McGrew"), for allegedly withdrawing the entire balance from their Wells Fargo bank account ($324,918.27) without his consent. Notice of Removal, Ex. A, ECF No. 1. Plaintiff thereafter amended his complaint to join Hirsch (McGrew's sister) and the Banks as Defendants. Notice of Removal, Ex. B, First Amended Verified Complaint ("FAC"), ECF No. 1. Plaintiff alleged McGrew and Hirsh violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by conspiring to deposit part of the disputed funds into accounts with the Banks. FAC ¶¶ 46-49, 52-56. McGrew removed the case to Federal Court. Notice of Removal ¶ 6. Soon after, Plaintiff dismissed the Banks as defendants. Amended Notice of Voluntary Dismissal, ECF No. 8.

The Banks now seek to re-enter the case so they can interplead the disputed funds with the Court. Mot. at 1. Each bank possesses a significant portion of the contested funds and wants to determine who owns the funds. Mot. at 1-2. Hirsh opposes this motion, primarily because she has a pending motion with the Court to interplead the disputed funds herself. Opp'n at 1; Motion of Defendant Hirsch For Leave to Amend Answer,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 5, 2019.

2

("Def.'s Mot. to Amend") ECF No. 23.

## II. OPINION

### A. Permissive Intervention

#### 1. Legal Standard

Even if a proposed intervenor is not entitled to intervene as of right, the court may permit an applicant to intervene if they show: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) a common question of law or fact exists. Perry v. Prop. 8 Official Proponents, 587 F.3d 947, 955 (9th Cir. 2009). The Court must also consider whether the intervention will cause unduly delay or prejudice. Fed. R. Civ. P. 24(b)(3). In exercising its discretion to deny permissive intervention, the Court may again consider "whether the movant's interests are adequately represented by the existing parties." Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir. 1989) (aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82 (1990)).

#### 2. Analysis

##### a. Independent Grounds for Jurisdiction

Neither the Bank nor Hirsch address this element of permissive intervention. The jurisdictional requirement is mostly concerned with "diversity cases in which proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." Freedom from Religion Foundation, Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir. 2011). But "[I]n a federal-question case [where the proposed intervenor] brings no new claims, the jurisdictional concern

drops away." Id.

The Court has federal-question jurisdiction over this case under 18 U.S.C. § 1962(c). Notice of Removal at 2-3. The Banks are not bringing any new claims; rather, they are seeking to intervene for the purpose of interpleading the disputed funds. Mot. at 1. Accordingly, the Court finds the jurisdictional concern "drops away." Geithner, 644 F.3d at 844.

### b. Timeliness

The Court has discretion when determining whether a motion to intervene is timely. U.S. v. Alisal Water Corp, 370 F.3d 915 (9th Cir. 2004). The Court weigh's three factors in making this determination: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of delay. Id. The Banks contend their motion was timely because: (1) the case has not progressed past the pleading stage, (2) they have a valid reason for delay because they had attempted to first facilitate an agreement between the parties and they were then unilaterally dismissed from the case by Plaintiff, and (3) no party would be prejudiced because their intervention would expedite matters. Mot. at 4. Plaintiff does not dispute this. Accordingly, the Court agrees that the Banks' motion was timely.

### c. Common Question of Law or Fact

The Banks argue their interpleader actions arise from the "exact same occurrences" that are at issue in this case. Mot. at 6. Hirsch, on the other hand, argues that the Banks "cannot proffer any claim that shares a common question of law" because their interpleader action is for the sole purpose of efficiency.

4

Reply at 9. But an interest in efficiency and a common question of law or fact are not mutually exclusive. In fact, the Banks were originally named as Defendants in this suit. See FAC. Thus, there is necessarily a common question of law or fact between the Banks' proposed interpleader and the main action—otherwise, they would not have been initially joined as defendants. For this reason, the Court finds the Banks' action indeed arises from the same common question of law or fact since their action concerns the disputed funds at the heart of this lawsuit. Mot. at 4.

                        d.    Unduly Delay or Prejudice

Intervention will unduly delay the main action when it "only serv[es] to undermine the efficiency of the litigation process." Donnelly v. Glickman, 159 F.3d 405,412 (9th Cir. 1998). Hirsch argues granting intervention will "only unnecessarily increase the cost of litigation, all to the existing parties' detriment...." Opp'n at 10. The Banks, however, respond that "Hirsch herself is driving up fees by attempting to file an interpleader action while this motion is pending." Reply at 5. Moreover, they contend denying their motion would actually increase fees, since they would then "be required to interplead the funds via two separate actions." Id. The Court agrees.

As the Banks state, denying this Motion would result in two separate interpleader actions. Wells Fargo cannot avail itself of Rule 22 under diversity jurisdiction, so it would have to bring its action in superior court. Mot. at 7. Requiring the parties to adjudicate this issue in parallel proceedings in two

different forums would undoubtedly "undermine the efficiency of the litigation process." Donnelly, 159 F.3d at 412. Accordingly, the Court finds intervention would not unduly delay or prejudice this case.

### e. Interests Adequately Represented by Existing Parties

The existence of a common question of law or fact, however, does not automatically entitle an applicant to intervene. Venegas, 867 F.2d at 530. In deciding whether to permit intervention, a court should also evaluate whether a movant's interests are adequately represented by existing parties. Id. Court's consider three factors in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). Most importantly, the court considers how the interest compares with the interest of existing parties. Id. If the applicant's interest is identical to that of the existing parties, a compelling showing should be required to demonstrate inadequate representation. Id.

The Banks do not set forth in their request for permissive intervention, that their interests are not adequately represented by the existing parties. They do, however, make this argument in their request for intervention as of right. Mot. at 3-4. There, the Banks argue none of the claimants can adequately represent

their interest, because they are the only entity without a claim to the contested funds. Mot. at 6. Hirsch argues the Banks' interests would be adequately represented by her pending interpleader motion. Opp'n at 8. To the contrary, the Banks argue Hirsch has "fundamentally different motivations" because she is "downplay[ing] her asserted interest in the Contested Funds." Reply at 4.

Hirsch suggests that her stake in the claim does not interfere with or undermine her intention to interplead the very funds the Banks want interpleaded. Opp'n at 9. While true, the Banks' interest does not lie solely in interpleading the disputed funds with the Court. Rather, the Banks have an interest in interpleading the funds in a way that deposits those funds with the Court. Mot. 7-8. As Hirsch, herself, acknowledges, the disputed funds are frozen in her account. Opp'n at 3. Accordingly, she lacks the ability to deposit those funds with the Court in the same way the Banks could if the Court allowed them to intervene. Hirsch argues the funds need not be deposited with the court. Opp'n at 9. This is true. See Gelfren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 82 (9th Cir. 1982)(Stating "a [court] deposit is not a jurisdictional requirement to rule 22(1) interpleader...."). But the fact that Hirsch could interplead the disputed funds this way does not mean this type of interpleader would adequately protect the Banks' interest. Indeed, the Court finds that it would not.

The Banks further argue that even if Hirsch did adequately represent their interest, her proposed interpleader would fail since she does not satisfy diversity jurisdiction. Reply 3-4.

7

Because the Court finds that Hirsch could not adequately represent the Banks' interests for other reasons, the Court need not delve into a discussion of Hirsch's proposed interpleader motion.

### f. Conclusion

The Banks satisfy each of the factors in the permissive intervention analysis. For that reason, and in the interest of promoting judicial efficiency, the Court grants the Banks' motion to intervene.

## III. ORDER

For the reasons set forth above, the Court GRANTS the Banks' Motion to Intervene. The Banks' shall file their Crossclaim and Counterclaim for Interpleader within 10 days of the date of this Order. Responsive pleadings shall be filed within twenty days thereafter.

IT IS SO ORDERED.

Dated: November 25, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE